UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEPHEN BYRON LEWIS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19 CV 371 |
| | ) |
| MUNSTER MUNICIPAL POLICE | ) |
| DEPT., *et al.*, | ) |
| | ) |
| Defendants. | |

## OPINION and ORDER

Stephen Byron Lewis, Sr.,, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Lewis alleges that, on July 30, 2018, officers from the Munster Police Department accused him of injuring his spouse and assaulted him as they booked him at the police station. They also allegedly strip searched him and placed him in a cell with only his boxers for clothing. Lewis claims he repeatedly requested medical attention, but the officers refused and instead took him to the Lake County Jail. Upon

his arrival, Lewis claims he was placed on suicide watch, and he also alleges he sought treatment for his mental condition upon his release. He further claims that in November 2018, police officers and staff from the Department of Child Services pursued Lewis' wife to the residence of her friend and forced their way in.

Lewis names Stephen Scheckel, Tim Nosich, and Dimitri Blanco as defendants. However, these defendants are mentioned in the complaint on only two occasions:

- "Detective Nosich misrepresented the facts in the prosecutors brief which was inconsistent from allnsupplementary [sic], by officers Hass, Blanco, as well as others." (DE # 1 at 3.)

- "After reviewing all reports prepared by the officers listed in this complaint, it is determined that they all produced false evidence and false testimony and Chief Scheckel had knowledge of these unlawful actions and left them uncorrected." (*Id.* at 4.)

Lewis may be attempting to assert a malicious prosecution claim against these defendants. Malicious prosecution is a tort recognized under Indiana law, but the Indiana Tort Claims Act does not allow such claims to proceed against governmental employees. *Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013); Ind. Code. § 34-13-3-3(6). A claim of malicious prosecution may also be brought under federal law, but this is rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a

fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014). Stated otherwise, though the fabrication of evidence may result in a constitutional violation, it does not, by itself, violate the Constitution. Here, Lewis does not explain how their false statements violated his constitutional rights or otherwise harmed him. Moreover, it is unclear how the allegations involving the named defendants fit into the overall narrative of the complaint. Therefore, Lewis may not proceed against Stephen Scheckel, Tim Nosich, and Dimitri Blanco on these allegations.

Lewis also names the Munster Police Department as a defendant. To pursue a claim under Section 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, Lewis does not identify any policy or practice of the Munster Police Department that caused a violation of his constitutional rights. Moreover, in the City of Munster, the city's Board of Safety supervises and controls the police department and appoints the department head. Muncie Ordinance §§ 2-188, 2-191, available at https://library.municode.com/in/munster/codes/code_of_ordinances. Because the Munster Police Department has no separate legal existence from the City of Munster, the Police Department is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007). Therefore, Lewis cannot proceed against the Munster Police Department.

Additionally, Lewis names eight unidentified police officers as defendants, but these defendants are dismissed because "it is pointless to include lists of anonymous

defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). In the event that Lewis is able to identify these police officers during the course of discovery, he may file a motion to amend his complaint at that time.

Though Lewis cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. At minimum, he should describe his interactions with each individual defendant in detail, including names, dates, locations, and an explanation regarding how each defendant was responsible for harming him and violating his constitutional rights.

For these reasons, the court:

(1) **GRANTS** Stephen Byron Lewis, Sr., until December 1, 2019, to file an amended complaint; and

(2) **CAUTIONS** Stephen Byron Lewis, Sr., that, if he does not respond by this deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Date: October 31, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4